IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY TURNER                                                            PLAINTIFF

v.                                Civil No. 6:19-CV-06122

PROSECUTOR DAN TURNER, AGENT                           DEFENDANTS
ROY BETHELL (Detective, Group 6 Drug
Task Force, Arkadelphia Police Department),
AGENT BRENT WITHWORTH (Detective,
Group 6 Drug Task Force, Arkadelphia Police
Department)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on October 22, 2019. (ECF No. 1). The claims in his Complaint are essentially identical[1] to those alleged in *Turner v. Bethell*, Case No. 6:19-cv-06105, which was dismissed as frivolous on November 22, 2019. (Case No. 6:19-cv-06105, ECF No. 8). Plaintiff alleges that Defendants Bethell and Withworth violated his constitutional rights by

---

[1] In his prior case, Plaintiff provided more detail for his claims and sued an additional Defendant.

arresting him without probable cause on May 18, 2018 and charged him for possession of methamphetamine with intent to deliver without a warrant and without the actual existence of any drugs in his possession. (*Id*. at 4). He further alleges Defendant Turner violated his Fourteenth Amendment rights by prosecuting him when there was no probable cause for arrest and no drugs to support the conviction. (*Id*.). He alleges Defendants violated his Fourth Amendment rights against illegal search and seizure and his Fourteenth Amendment due process rights. (*Id*.).

Plaintiff proceeds against all Defendants in their official and personal capacities. (*Id*. at 2). He seeks compensatory and punitive damages. (*Id*. at 4).

Research by the Court indicates Plaintiff entered a negotiated plea of guilty for felony possession of methamphetamine with purpose to deliver on October 9, 2018, in *State v. Turner*, 10CR-18-82 (Clark County Circuit Court) (available at Arkansas Court Connect). Plaintiff was sentenced to 240 months, which included an upward departure of 120 months as a habitual offender, and was transported to the Arkansas Department of Corrections. Plaintiff was represented by a Public Defender for the case.

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less

stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

As was the case in *Turner v. Bethell*, 6:19-cv-06105, Plaintiff's claims concerning his state conviction are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. The *Heck* bar has been applied to claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 F. App'x 305 (8th Cir. 2002) (unpublished); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

Plaintiff has not alleged that that his conviction has been invalidated by the highest state court or in federal *habeas* proceeding. His claims concerning his conviction are therefore barred by *Heck*. Plaintiff's illegal search claims are also *Heck*-barred. While a § 1983 action for illegal search is not categorically barred by *Heck*,[2] in this case, plaintiff pled guilty to possessing drugs

---

[2] In footnote seven, the Supreme Court in *Heck* explained that a damages action for an illegal search does not necessarily imply the invalidity of a conviction due to doctrines such as independent source, inevitable discovery, and harmless error. *Heck*, 114 S. Ct. at 2372 n. 7. "In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned)." *Id.* The Eighth Circuit has interpreted this footnote to create a general exception from *Heck* for Fourth Amendment unreasonable search and seizure claims. *See, Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996)

3

that were recovered in the search. Therefore, a determination that the search was invalid would undermine the validity of his conviction, in contravention of *Heck*. Finally, to the extent Plaintiff appears to claim that the methamphetamine used to convict him was planted by Defendants, that claim is also barred by *Heck*. *See e.g., Moore v. Sims,* 200 F.3d 1170 (8th Cir. 2000) (when Plaintiff was convicted of drug possession, his § 1983 claim that the drugs were "planted" by officers was barred by *Heck)*.

Accordingly, Plaintiff's claims are barred by the *Heck* doctrine. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's claims be DISMISSED WITH PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of February 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

("Because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action will not necessarily demonstrate the invalidity of his conviction.").

4