IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY TURNER                                                         PLAINTIFF

v.                                   Civil No. 6:19-cv-06122

PROSECUTOR DAN TURNER, AGENT
ROY BETHELL (Detective, Group 6 Drug
Task Force, Arkadelphia Police Department),
AGENT BRENT WITHWORTH (Detective,
Group 6 Drug Task Force, Arkadelphia Police
Department)                                                   DEFENDANT

**<u>ORDER</u>**

Before the Court is the Report and Recommendation (ECF No. 8) filed February 24, 2020, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8.) Plaintiff, appearing pro se and *in forma pauperis*, is an inmate at the Wrightsville Unit, Arkansas Department of Corrections. He filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming his 4th and 14th Amendment constitutional rights to be "secure from illegal search and seizure" (Compl. at p. 4, Oct. 22, 2019, ECF No. 1) were violated when Defendant Agents Bethel and Withworth arrested him without a warrant and without probable cause and charged him with possession of methamphetamine with intent to deliver when no drugs or narcotics existed or were found in his possession. *Id.* Plaintiff also alleges that Defendant Prosecutor Turner violated his 14th Amendment constitutional right to due process by prosecuting Plaintiff when there was no probable cause to arrest and no drugs to support a conviction. *Id.* Plaintiff claims compensatory and punitive monetary damages in the amount of $500,000.

1

Plaintiff's claims challenge the legality of his conviction, yet Plaintiff fails to allege that the conviction and sentence for which he has been imprisoned has been reversed, expunged, invalidated or impugned by the highest state court or in federal *habeas* proceeding.

Judge Ford recommends that Plaintiff's complaint be dismissed with prejudice because his claims are barred under the *Heck* doctrine. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (§1983 damages claim for alleged unconstitutional arrest or conviction caused by actions whose unlawfulness would invalidate the arrest or conviction is not cognizable until the underlying arrest or conviction has been reversed; damages for illegal search do not encompass the injury of being convicted and imprisoned until conviction overturned).

No party has filed objections to the Report and Recommendation, and the time to object has passed. *See* 28 U.S.C. § 636(b)(1). Upon review, the Court adopts the Report and Recommendation *in toto*.

Accordingly, Plaintiff's Complaint should be and hereby is DISMISSED WITH PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g), and the Clerk is directed to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED** this 25th day of March 2020.

/s/Robert T. Dawson
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE